**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50382 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00526-FMO-CR-1 |
| v. | |
| TRACY DEVON THOMAS, AKA Baby 8, AKA Yachin French, AKA Jachin French Jr., AKA Lil C, AKA S-Man, AKA Tracy Devon French Thomas, AKA Jachin Tracy, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted January 11, 2019
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[**] District Judge.

The district court properly admitted the gun and ammunition seized pursuant

to a warrant authorizing the search of Tracy Thomas' apartment. The warrant was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

supported by probable cause. According to the warrant affidavit, the victims of the drive-by shooting observed and reported the license plate number of the car used in the shooting. Thomas was renting a car with that license plate number at the time of the shooting, and the car was returned approximately two hours after the shooting took place. Thomas had his own car and lived in the same metropolitan area where the shooting occurred. These facts gave rise to a "fair probability" that Thomas was involved in the shooting. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The warrant affidavit also established probable cause to search the specified apartment. The police determined that Thomas lived there by locating his car and conducting surveillance outside of the apartment. Under the totality of the circumstances, there was a fair probability that the firearm and other evidence relating to the shooting would be found at Thomas' apartment. *See United States v. Bowers*, 534 F.2d 186, 190–92 (9th Cir. 1976). The passage of two weeks between the shooting and the search did not undermine the existence of probable cause. *See id.* at 192–93.

The district court properly admitted the statements that Thomas made at the police station. Even assuming that Thomas' arrest was unconstitutional, his statements were admissible because they were taken while Thomas was in legal custody and after he had waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See New York v. Harris*, 495 U.S. 14, 19–20 (1990). Thomas' continued

detention after the arrest was lawful because the police had probable cause to arrest him for the shooting and for possessing the gun and ammunition found at his apartment. *See id.* at 18.

**AFFIRMED.**